**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-20785-BLOOM/Otazo-Reyes**

ROLLING MANNING,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

### <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant United States of America's Motion to Dismiss, ECF No. [11] ("Motion"), filed on May 8, 2023. Pursuant to Local Rule 7.1(c), Plaintiff Rolling Manning's response to the Motion was originally due on May 22, 2023. The Court granted Plaintiff two extensions of time to file a response to the Motion, extending his deadline to June 13, 2023. *See* ECF No. [14], [16]. To date, Plaintiff has failed to file a response or sought additional time in which to do so.[1] As such, the Court proceeds to address the merits of the Motion without the benefit of a response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

---

[1] Plaintiff's failure to respond constitutes an independent basis for the Motion to be granted. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman*, 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

## I.     INTRODUCTION

Plaintiff brings this lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. According to his Amended Complaint, Plaintiff was an immigration detainee on November 23, 2021 at Glades County Detention Center ("Glades"). ECF No. [6] ¶ 4. On that date, while Plaintiff was working in the kitchen at Glades, the exhaust fans ceased to function and caused Plaintiff to suffer "severe and permanent injuries from carbon monoxide poisoning." *Id*. ¶ 5.

On November 25, 2021, Plaintiff was transferred to Krome North Processing Center ("Krome"). *Id.* ¶ 6. Upon arrival, Plaintiff was suffering from "severe pain, bleeding and loss of consciousness." *Id*. ¶ 7. He alleges that he was not provided proper medical condition throughout his time at Krome. *Id*. He seeks to recover from for the injuries he suffered due to "carbon monoxide poisoning" and "extreme medical neglect" at Glades and Krome.

In its Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the discretionary function exception and the independent contractor exception to the FTCA. ECF No. [11] at 1-14. Defendant additionally seeks dismissal under Rule 12(b)(6) for failure to state a claim. *Id*. at 19-20.

## II.     LEGAL STANDARD

### A.  Rule 12(b)(1)

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject-matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*., 501

F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence*, 919 F.2d at 1529). "'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quotation marks omitted); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("[A] factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." (citation omitted)). "[F]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence*, 919 F.2d at 1531; *see, e.g.*, *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 734 (11th Cir. 1982) (reversing district court's dismissal when jurisdictional determination was "inextricably intertwined" with the merits of the lawsuit").

### B.  Rule 12(b)(6)

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be

granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III.    DISCUSSION

Defendant first argues that the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. ECF No. [11] at 6. Specifically, Defendant argues that the discretionary function exception and the independent contractor exception bar Plaintiff's FTCA claim.

The discretionary function exception precludes government liability for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The Eleventh Circuit has "consistently treated the discretionary-function exception to the FTCA's waiver of sovereign immunity as a matter affecting the district court's subject-matter jurisdiction." *Cuadrado-Concepcion v. United States*, 851 F. App'x 985, 990 (11th Cir. 2021) (citation omitted). When the government asserts a lack of subject matter jurisdiction, the Eleventh Circuit places "the burden on the plaintiff to 'prove that the discretionary function exception does not apply.'" *Id.* (quoting *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)).

Defendant argues that Plaintiff's claim related to unsafe conditions at Glades is barred because Glades is not a federal facility and Defendant's duty to inspect Glades is a discretionary function for which Defendant cannot be held liable under the FTCA. ECF No. [11] at 20. Defendant's argument is plausible and, as noted above, Plaintiff has the burden "to prove that the discretionary function exception does not apply[.]" *Cuadrado-Concepcion*, 851 F. App'x at 990

(quotation marks omitted). Given his failure to file a response to Defendant's Motion, Plaintiff has not met that burden.

Relatedly, Defendant argues that Plaintiff's claim is barred by the independent contractor exception. The FTCA allows plaintiffs to assert claims against "employees of the Government" but not independent contractors. 28 U.S.C. § 1346(b). Defendant asserts that all employees at Glades are functionally independent contractors, and medical services at Krome are provided by independent contractors. ECF No. [11] at 16-17. Accordingly, Defendant argues that regardless of whether Plaintiff's claim is based on unsafe facilities at Glades or the failure to provide medical services at Krome, Plaintiff's claim is barred by the independent contractor exception to FTCA liability. *Id*.

Defendant has presented a plausible argument that Plaintiff's claim must be dismissed under the independent contractor exception. In light of Plaintiff's failure to respond to the Motion, Defendant's Motion based on Rule 12(b)(1) will be granted. Because the Court is dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction, the Court will not consider Defendant's alternative ground for dismissal under Rule 12(b)(6).

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion, **ECF No. [11]**, is **GRANTED**.

2.   Plaintiff's Amended Complaint, ECF No. [6], is **DISMISSED**.

3.   All other pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED.**

4.   The Clerk of Court is directed to **CLOSE** this case.

Case No. 23-cv-20785-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 28, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record